# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

MICHAEL S. JACKSON,                :

    Plaintiff,                    :

vs.                                :        CA 08-0254-CG-C

MICHAEL J. ASTRUE,                 :
Commissioner of Social Security,
                                   :
    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Court, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on the petition for authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b). (Doc. 31) Upon consideration of all pertinent materials contained in the file, it is determined that petitioner should receive a reasonable fee in the amount of $12,929.48 under the Social Security Act.

## FINDINGS OF FACT

1.    Byron A. Lassiter, Esquire, was hired by plaintiff to represent him in connection with his claim for a period of disability and disability insurance benefits on February 10, 2005. (*See* Doc. 31, ¶ 1) Four days prior to the filing of the complaint in this case (Doc. 1 (complaint filed on May 13, 2008)), that is, on May 9, 2008, Jackson executed

a fee agreement wherein he agreed to the payment of an attorney's fee equaling twenty-five percent (25%) of all past-due benefits following a favorable decision. (Doc. 31, Exhibit B, at ¶¶ 2 & 3 ("It is understood and agreed that the attorney's fee will be 25% of the combined gross retroactive benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Commissioner, prior to any reduction under Section 1127(a) of the Act. It is understood that Social Security past due benefits represent the total amount of money to which I and any auxiliary beneficiary or beneficiaries become entitled through the month before the month SSA effectuates a favorable administrative determination or decision on my Social Security claim and that SSI past-due benefits are the total amount of money from which I become eligible through the month SSA effectuates a favorable administrative determination or decision on my SSI claim."))

2. Following remand proceedings in this case (*see* Doc. 24 (judgment of remand)), the Commissioner determined that plaintiff was disabled and entitled to benefits commencing March 1, 2004. (*See* Doc. 31, ¶ 7).

3. The Social Security Administration has verbally informed petitioner that "the amount of $12,929.48 is currently being withheld for payment of authorized attorney fees." (Doc. 31, at ¶ 9) Because the Administration typically withholds 25% of past due benefits awarded a claimant for payment of attorney's fees, petitioner has extrapolated from the foregoing oral information that plaintiff was awarded past-due disability insurance benefits

totaling $51,717.92. (*See id*.) While there is no information provided that the Social Security Administration has awarded petitioner fees for services rendered before the Administration with respect to the amount it withheld ($12,929.48) from past-due benefits referenced earlier (*see id*. at ¶¶ 9-10), the Administration has approved a fee for petitioner with respect to a subsequent application filed on Jackson's behalf on or about April 2, 2008 (*see* Doc. 31, at 2 n.1).

    4.    Petitioner has submitted to this Court an itemized statement regarding the time spent before this Court pursuing Jackson's claim. The total time delineated therein is 21.2 hours. (Doc. 31, Exhibit A)

    5.    Petitioner requests that this Court approve an attorney's fee in the amount of $12,929.48 under the Social Security Act, same representing the total of past-due benefits presently withheld by the Social Security Administration for payment of attorney's fees (*see* Doc. 31, at ¶¶ 10-12), for the 21.2 hours he spent before this Court representing Mr. Jackson.

## **CONCLUSIONS OF LAW**

    1.    Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that a court which renders a favorable judgment to a Social Security claimant may award the claimant's attorney a reasonable fee for his representation of the claimant "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the

provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."[1] Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted; emphasis in original); *see Meyer v. Sullivan,* 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

2. The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-809, 122 S.Ct. 1817, 1829, 152 L.Ed.2d 996 (2002); *see also id.* at 807, 122 S.Ct. at 1828 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

Courts that approach fee determinations by looking first

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the [Commissioner], the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." *Rohrich v. Bowen*, 796 F.2d 1030, 1031 (8th Cir. 1986) (citation omitted).

4

> to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id*. at 808, 122 S.Ct. at 1828 (internal citations omitted).

    3.    In line with *Gisbrecht*, therefore, this Court need begin with the contingency fee agreement and should only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in *Kay v. Apfel*, 176 F.3d 1322, 1323 (11th Cir. 1999) (rejecting the "contingent fee" approach to calculation of attorney's fees under § 406(b) in favor of the "lodestar" approach) in favor of the contingency fee approach of other Circuits, like that of the Second Circuit in *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable."). See *Gisbrecht*, *supra*, 535 U.S. at 799 &

808-809, 122 S.Ct. at 1823-1824 & 1829.

    4.    The Social Security Administration has determined that the past-due disability insurance benefits to which plaintiff is entitled to receive total $51,717.92 (*see* Doc. 31, ¶ 9); twenty-five percent (25%) of this amount is $12,929.48. The contingency agreement which Jackson entered into on May 9, 2008 contemplates attorney's fees of as much as twenty-five percent (25%) of the claimant's past-due benefits following a favorable decision (*see* Doc. 31, Exhibit B) and it is apparent to the undersigned that the amount requested by petitioner herein ($12,929.48), is not more than 25% of the past-due benefits Jackson has been awarded in this case. Moreover, there is no evidence that petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to the petitioner.[2] Given the length of petitioner's relationship with the claimant and the favorable results achieved by petitioner for the claimant, the undersigned considers the requested amount reasonable. Accordingly, the Magistrate Judge recommends that the Court authorize petitioner to receive, as a fee for services rendered before this Court, the sum of $12,929.48, same representing 25% of the total of past-due disability insurance benefits awarded plaintiff. Upon receipt of this money, plaintiff's counsel must then, of course, refund to the claimant the smaller attorney-fee award made in this case. *Gisbrecht, supra*, 535 U.S. at 796, 122 S.Ct. at 1822 ("Congress harmonized fees payable by the Government under EAJA with fees

---

    [2]    The request, when broken down, renders an hourly rate of approximately $609.88.

payable under § 406(b) out of claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"); *see Watford, supra*, 756 F.2d at 1566 n.5 ("[N]o 'double recovery' is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court.").

## **CONCLUSION**

The Magistrate Judge recommends that petitioner receive as an attorney's fee for services rendered in this Court the sum of $12,929.48 pursuant to 42 U.S.C. § 406(b). Upon receipt of this award, petitioner is to refund to plaintiff the smaller EAJA attorney-fee award paid in this case (*see* Doc. 30 (attorney's fees in the amount of $3,697.70 and court costs of $350.00)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 5th day of May, 2010.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l. ***Objection***. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).